Ira THURMAN *v.* CLARKE INDUSTRIES, INC. and
Transamerica Insurance Company

CA 91-4                                        819 S.W.2d 286

Court of Appeals of Arkansas
Division I
Opinion delivered September 25, 1991

*Evelyn E. Brooks*, for appellant.

*Boswell, Tucker & Brewster*, by: *W. Lee Tucker*, for appellee.

JAMES R. COOPER, Judge. The appellant in this workers' compensation case injured his left knee in the course of his employment as a material handler with the appellee, Clarke Industries, Inc. The appellant received temporary total disability benefits through November 13, 1989, but those benefits were discontinued when the appellant refused to undergo arthroscopic surgery recommended by his treating physicians. The appellant then filed the claim which is the subject of this appeal, contending that he was entitled to additional temporary total disability benefits from November 13, 1989, through a date yet to be determined. In an opinion dated October 30, 1990, the workers' compensation commission denied the appellant's claim on a finding that the appellant unreasonably refused to undergo the recommended surgical procedure. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in finding that the appellant's refusal of surgery was

unreasonable. We agree, and we reverse.

Arkansas Code Annotated § 11-9-512 (1987) provides that:

> Except in cases of hernia, which are specifically covered by § 11-9-523, where an injured person unreasonably refuses to submit to a surgical operation which has been advised by at least two (2) qualified physicians and where the recommended operation does not involve unreasonable risk of life or additional serious physical impairment, the Commission, in fixing the amount of compensation, may take into consideration such refusal to submit to the advised operation.

The appellant in the case at bar was injured when he stepped down from his fork lift and twisted his left knee. Dr. Randall Oates, the company doctor for Clarke Industries, Inc., treated the appellant for three weeks before referring him to Dr. Jim Arnold, a knee specialist. The appellant developed phlebitis and saphenous vein thrombosis during the early weeks of his injury. The appellant also suffers from diabetes and hypertension, for which he was treated by his family doctor, Dr. Philip Duncan. In addition, the appellant saw Dr. Marvin E. Mumme for an evaluation of his knee injury. All four of these physicians advised the appellant to submit to arthroscopic surgery for treatment of his injury. However, the appellant is afraid of surgery and has refused to submit to the procedure. It is undisputed that the appellant's fear of arthroscopic surgery is genuine.

The appellant contends that the Commission erred in applying Ark. Code Ann. § 11-9-512 to the case at bar for a variety of reasons. Because we find it dispositive, we need only address the appellant's contention that Ark. Code Ann. § 11-9-512 is inapplicable because the appellant's doctors concur that a surgical procedure should not be performed on the appellant at this time. The Commission found that the medical evidence in this case is clear that arthroscopic surgery is recommended, but that the operation could not be performed due to the appellant's fear. Although we agree that the record supports a finding that all four of the appellant's physicians at one time recommended arthroscopic surgery as the preferred treatment for the appellant's condition, we find no substantial evidence to support a finding that arthroscopic surgery had been advised by at least two

qualified physicians at the time of the hearing. Instead, the record unequivocally shows that three of the appellant's physicians later retracted their recommendation of surgery on the ground that the appellant's subjective fear of surgery was so great as to jeopardize the chances of success. In a medical report dated January 17, 1990, Dr. Arnold withdrew his recommendation of surgery because the appellant "has a preconceived notion that a complication will occur. Patients are often prophetic and I am afraid that his complication rate would be higher if he indeed has his mind set on the same." In a subsequent memo, Dr. Arnold stated that "I simply will not operate on someone who anticipates a poor result." The appellant's family physician, Dr. Duncan, stated in a medical report of January 5, 1990, that the appellant's fear of surgery made it medically inadvisable for him to undergo the procedure. Even the company physician, Dr. Oates, stated in a report of January 8, 1990, that the appellant "would not be a surgical candidate presently due to his attitude and phobias." Therefore, three of the four physicians who initially recommended the surgery had withdrawn their recommendations by the time of the hearing. On this record, we do not think that reasonable minds could conclude that arthroscopic surgery had in fact been recommended by two qualified physicians, and, in the absence of substantial evidence to support such a finding, we hold that the Commission erred in taking the appellant's refusal to submit to surgery into consideration in fixing the amount of his compensation. We therefore reverse and remand to the Commission for further proceedings not inconsistent with this opinion.

Reversed and remanded.

CRACRAFT, C.J., and ROGERS, J., agree.